IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFREDO MARTINEZ-PEREZ,  :  <br>     Plaintiff,               : <br>                                     : <br>     v.                              :      CIVIL ACTION NO. 23-CV-3972 <br>                                     : <br> GINA CLARK, *et al.*,        : <br>     Defendants.        : | |

**MEMORANDUM**

**PADOVA, J.**                                                                                                   **JANUARY 11, 2024**

        Alfredo Martinez-Perez, a convicted prisoner housed at SCI Chester, has filed a Complaint asserting civil rights claims against Defendants SCI Chester Superintendent Gina Clark, Grievance Coordinator M. Quinn, and Dr. Paul Little. Martinez-Perez also seeks leave to proceed *in forma pauperis*. For the following reasons, the request to proceed *in forma pauperis* will be granted and the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**       **FACTUAL ALLEGATIONS**[1]

        Martinez-Perez alleges that his Eighth Amendment rights were violated when he received inadequate medical care to treat a low back condition. He claims that from October 2, 2021 to the present he has been suffering from a low back injury that he brought to the attention of every medical department in each institution where he has been housed. (Compl. at 4.) He asserts that, in each case, his "needs were minimized and ignored." (*Id*.) His back condition has worsened and now his mobility is limited and his "quality of life is not optimal." (*Id*.; *see also id*. at 8.)

---

[1] The factual allegations set forth in this Memorandum are taken from Martinez-Perez's Complaint (ECF No. 1). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

He has filed grievances about his medical care to create a "'paper trail' to back my claims of neglect and even quite possibly 'deliberate indifference.'" (*Id*. at 5.)

Martinez-Perez has named Superintendent Clark and Grievance Coordinator Quinn as defendants because they were involved in handling his grievances about his medical care. (*Id*. at 2-3, 7.) He alleges that Quinn used her position as Grievance Coordinator to deny him medical care "by denying my grievances by lying and using tactical wordplay." (*Id*. at 3.) He alleges that Dr. Little "did not give me proper care, he simply gave me low level pain relievers and sent me on my way." (*Id*.) Martinez-Perez seeks money damages for his claims, treatment for his low back, and a "policy change to stop future acts to deny others their fundamental rights."[2] (*Id*.)

## II.  STANDARD OF REVIEW

The Court grants Martinez-Perez leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.

---

[2] Martinez-Perez's request for a policy change to benefit other inmates is not proper. Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Thus, while Martinez-Perez may seek relief for himself, he may not request relief on the part of other inmates who are not a party to this case.

[3] In a prior Order filed on October 18, 2023 (ECF No. 9), Martinez-Perez was directed to file a certified copy of his institutional account statement within thirty days. When he failed to do so, this action was dismissed without prejudice for failure to prosecute on December 18, 2023. (*See* ECF No. 10.) Martinez-Perez filed a letter on January 5, 2024 (ECF No. 11) asserting that the Inmate Accounts office at SCI Chester has failed to act on his request to provide him with an account statement, and he wrote to the Superintendent to let her know he has been unable to get his statement, but he has still been unable to obtain it. (*Id*.) He attached a copy of an Inmate Request to Staff Member dated October 20, 2023, showing he attempted to comply with the Court's October 18 Order by requesting the account statement. Because Martinez-Perez has attested to the specific steps he took to obtain the account statement required by 28 U.S.C. § 1915(a)(2), the Court will vacate the dismissal Order, and permit him to proceed *in forma pauperis*.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (third and fifth alterations in original) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Martinez-Perez is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction

3

rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III. DISCUSSION

#### A. Constitutional Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 311, 315 (M.D. Pa. 2004) (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." (citation omitted)).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction

or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). "Although a court can infer that a defendant had contemporaneous knowledge of wrongful conduct from the circumstances surrounding a case, the knowledge must be actual, not constructive." *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015) (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1194 (3d Cir. 1995); *Rode*, 845 F.2d at 1201 n.6).

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted). A serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

"Not every complaint of inadequate prison medical care rises to the level of deliberate indifference." *Anderson v. Price*, No. 22-3058 2023 WL 5814664, at *2 (3d Cir. Sept. 8, 2023).

"Where a prisoner is receiving some amount of medical treatment, [courts] presume that the treatment is adequate absent evidence that it violates professional standards of care." *Id.* (affirming dismissal of deliberate indifference claims on screening) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990); *see also Hayes v. Gilmore*, 802 F. App'x 84, 88 (3d Cir. 2020) (*per curiam*) ("Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." (citation omitted)). Mere disagreement regarding proper medical treatment is insufficient to establish a constitutional violation. *See Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017); *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Assuming for purposes of statutory screening that Martinez-Perez's low back condition is a serious medical need, he has failed to allege a plausible claim against Defendants Clark and Quinn for deliberate indifference to that need. He alleges only that they denied his grievances about receiving inadequate medical attention. However, he also alleges that he is under the care of Dr. Little. Courts have held that "[i]f a prisoner is under the care of medical experts . . . , a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill*, 372 F.3d at 236; *see also Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (*per curiam*) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff."). Moreover, a prison official's involvement in the grievance process, alone, is not actionable under § 1983. *See Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) (*per curiam*) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the

6

underlying incidents and thus no basis for liability based on those later grievance reviews."); *Curtis v. Wetzel*, 763 F. App'x 259, 263 (3d Cir. 2019) (*per curiam*) ("The District Court properly determined that Defendants [Superintendent] Wenerowicz, Lewis, and Shaylor – who participated only in the denial of Curtis' grievances – lacked the requisite personal involvement [in the conduct at issue]." (citing Rode, 845 F.2d at 1208)). Because Clark and Quinn are only alleged to have been involved in the handling of grievances, a claim against them for deliberate indifference is not plausible and will be dismissed with prejudice.[4]

The claim against Dr. Little must also be dismissed because it is undeveloped. Martinez-Perez alleges only that Dr. Little "did not give me proper care, he simply gave me low level pain relievers and sent me on my way." (Compl. at 3.) The allegation that Dr. Little failed to provide proper care is conclusory and fails to allege a plausible claim. *Iqbal*, 556 U.S. at 678. The allegation that he provided low level pain relievers and sent Martinez-Perez on his way fails to allege a plausible deliberate indifference claim because it asserts only a disagreement regarding proper medical treatment and is insufficient to establish a constitutional violation. *Palakovic*, 854 F.3d at 227. However, because it may be possible for Martinez-Perez to allege additional facts to demonstrate a plausible claim against Dr. Little, this claim will be dismissed without prejudice and he will be permitted an opportunity to file an amended complaint.

---

[4] Any claim Martinez-Perez may seek to assert based on the handling of his grievances by Clark and Quinn also fails because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*) (citation omitted); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*) (citation omitted); *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).

### B. Negligence Claims

The Court understands Martinez-Perez to also allege a state law negligence claim. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (alteration in original) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Martine-Perez does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants at SCI Chester, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, he has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## IV. CONCLUSION

For the reasons stated, Martinez-Perez's Complaint cannot proceed. The claims against Superintendent Gina Clark and Grievance Coordinator Quinn will be dismissed with prejudice. The claim against Dr. Little asserting deliberate indifference to a serious medical need will be dismissed without prejudice and with leave to file an amended complaint if Martinez-Perez is capable of alleging additional facts to show he has a serious medical condition and how Dr. Little was personally involved in intentionally refusing, delaying, or preventing treatment of that condition. The state law negligence claim will also be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate Order follows with additional information about amendment.

BY THE COURT:

/s/ John R. Padova

**JOHN R. PADOVA, J.**